UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO.  11-69-GWU

SUSIE SAWYERS,                                                                          PLAINTIFF,

VS.                                  **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                              DEFENDANT.

## INTRODUCTION

The above-styled action is an appeal from an unfavorable administrative decision on the plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act.  The Commissioner has moved to dismiss the action, on the ground that this appeal to the federal courts was not filed within the requisite sixty-day period required by 42 U.S.C. § 405(g).

## APPLICABLE LAW

In the absence of arguments alleging an erroneous calculation of the sixty-day period, a plaintiff must contend that a motion to dismiss should be denied because "equitable circumstances" exist to toll the limitations period.

11-69  Susie Sawyers

Equitable tolling allows an action to proceed despite its having been brought outside the statute of limitations when there exists exceptional circumstances that have prevented timely filing through no fault of the plaintiff.  <u>Ayers v. United States of America</u>, 277 F.3d. 821, (6th Cir. 2002).

In <u>Bowen v. City of New York</u>, 476 U.S. 467 (1986), it was determined that the sixty-day period involved in Social Security disability benefit appeals could be tolled by equitable considerations.  <u>Bowen</u>, 476 U.S. at 480.  Such circumstances, described by the Court in a footnote, could include illness, accident, destruction of records, mistake or a claimant's misunderstanding of the appeals process.  <u>Id</u>. at n. 12.  In another type of case, the Court made it clear that while equitable tolling may be applied in suits against the government,  it may be done only "sparingly" and not when there has been a "garden variety claim of excusable neglect."  <u>Irwin v. Department of Veteran's Affairs</u>, 498 U.S. 89, 96 (1990).

The Sixth Circuit has found the following five factors to be relevant in determining whether tolling a statute of limitations to be justified:

(1) the petitioner's lack of actual notice of the filing requirement;

(2) the petitioner's lack of constructive knowledge of the filing requirement;

(3) diligence in pursuing one's rights;

(4) absence of prejudice to the respondent; and

2

   (5)    the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Cook v. Commissioner of Social Security, 480 F.3d 432, 437 (6th Cir. 2007), citing Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001).

However, not all of the factors are weighted equally. Absence of prejudice is a factor to be considered, but not an independent basis for invoking the doctrine. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984), quoted in Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988).

## DISCUSSION

In the present case, the plaintiff responded to the court's order to show cause why the action should not be dismissed [D.E. #8] by requesting that the matter be held in abeyance pending an Appeals Council ruling on her request for additional time to appeal. The Appeals Council has now denied her request. D.E. #10, Exhibit 1.

In her response, the plaintiff admitted that the Appeals Council originally denied her request for review on December 13, 2001, D.E. #9, meaning that the latest date she could have filed a civil action was February 18, 2011, the sixty-day statutory period and an extra five days allowed by 20 C.F.R. § 442.10(c). Cook, 480 F.3d at 436. The present action was filed May 10, 2011.

Instead of filing a civil action, the plaintiff admits that she requested the Appeals Council reconsider its denial decision on December 27, 2010, and "counted

11-69 Susie Sawyers

on the Appeals Council's past practice that if [the request] to reconsider was not allowed that the Appeals Council would still provide Plaintiff a reasonable period of time to undertake a judicial review of the Commissioner's decision." D.E. #9, p. 1.

The plaintiff's gamble that the Appeals Council would allow an extension of time to file a civil action did not pay off, however, because its response on March 18, 2011 declined to reconsider the prior denial and gave no extension of time.[1]

Even so, the plaintiff still did not submit a request for extension until September 29, 2011--three days after the defendant filed his motion to dismiss the complaint as untimely. D.E. #7.[2] In any case, the plaintiff admits that she "misread" the Appeals Council's March 18, 2011 letter.

In sum, the plaintiff: (1) chose not to ask for an extension of time after the December 13, 2010 Appeals Council denial; and (2) "misread" the March 18, 2011 Appeals Council letter. Clearly, the plaintiff had knowledge, and constructive knowledge, of the filing requirement, and was less than diligent about pursuing her rights. Nor is it reasonable for the plaintiff, whose attorneys are very experienced in Social Security matters, to remain ignorant of the legal requirements for filing her

---

[1] The defendant's Hearings, Appeals, and Litigation Law Manual (HALLEX) instructs the Council not to grant an extension of time to file a civil action absent a specific request. HALLEX § I-3-9-60.

[2] The letter to the Appeals Council is dated September 23, but it was not faxed until September 29, D.E. #9, Ex. 1.

11-69  Susie Sawyers

claim.  This disposes of four of the five Cook criteria for tolling the statute of limitations.  480 F.3d at 437.

On the issue of absence of prejudice to the defendant, the Sixth Circuit held in Cook that while filing a complaint late "likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system."  Id.  Cook involved a complaint that was only one day late; the current complaint was almost three months late, and is even less compelling.

Accordingly, the motion to dismiss will be granted.

This the 3rd day of November, 2011.

Signed By:

G. Wix Unthank

United States Senior Judge

5